UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE CROPPER,

                      Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY

                      Defendant.

1:20-CV-1836 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action seeking review, under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), of the Commissioner of Social Security's decision regarding Plaintiff's application for social security benefits. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

    An action filed pursuant to § 405(g) or § 1383(c)(3) may be brought only in:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

§ 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

    Plaintiff alleges that he resides in Brooklyn, Kings County, New York. Because Plaintiff's residence is not in this district, and Plaintiff makes no allegation about a principal place of business, venue is not proper in this Court under § 405(g) or § 1383(c)(3). Kings County falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the United States District Court for the Eastern District of New York, *see* §§ 405(g), 1383(c)(3), and this action is transferred to that court pursuant to 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 3, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge